CAP HENDERSON v. THE STATE.

No. 13333. Delivered January 21, 1931.

. The opinion states the case.

*Sturgeon & Sturgeon,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being five years in the penitentiary.

Officers apprehended appellant with a case of whisky containing twelve half-gallon fruit jars which he was carrying down an alley near his home. When asked by the officers what he had, said "Whisky." His defense was that he was removing the container from the car to a vacant lot at the request of another party and that he did not know it contained whisky until he was stopped by the officers, and as he set the container down he smelled whisky, and then for the first time knew what was in it. This issue was submitted to the jury but they failed to accept appellant's version of the matter.

Appellant put his general reputation in issue and several witnesses testified that his general reputation as a quiet, law-abiding citizen was good. The State then produced witnesses who said his reputation in the regard mentioned was bad. In bill of exception number one appellant attempts to bring forward complaint that the court did not limit the State's testimony on this point to the purpose of determining the credibility of appellant as a witness. No such limiting charge would have been proper under the facts. The State was combatting the truth of an issue which appellant himself had put in the case. No objection was made to the court's instruction because of the omission therefrom of a limiting charge, and no special charge was requested calling the court's attention to what is now appellant's complaint.

While one of the State's witnesses was being cross-examined by appellant he was asked if he knew appellant's general reputation for truth and veracity. Objection to the question was sustained. The bill complaining of the incident fails to show what the witness would have answered. It is further shown by the court's qualification that at the time the question was asked appellant had not testified, that no assurance was given the court that he would testify, and that after he had become a witness the proposed testimony (whatever it may have been) was not re-offered, although the witness to whom the question had been addressed was re-called and further examined by both the State and appellant.

No error appears from the record. The judgment is affirmed.

*Affirmed.*